```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
MUMTAZ HUSSAIN, pro se,                        :
                                               :
                    Plaintiff,                 :
                                               :         **SUMMARY ORDER**
         -against-                             :         15-CV-3688 (DLI) (LB)
                                               :
SHAFQAT HUSSAIN ARSHAD, ABDUL                  :
MALIK, VAZIR TAJ, ZAFAR IMRAN,                 :
                                               :
                    Defendants.                :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff Mumtaz Hussain ("Plaintiff") filed this *pro se* action on June 24, 2015, pursuant to this Court's diversity jurisdiction. *See,* 28 U.S.C. § 1332. For the reasons set forth below, Plaintiff's request to proceed *in forma pauperis*, Dkt. Entry No. 2, is granted only for purposes of this Order dismissing this action.

## BACKGROUND

Plaintiff, currently a resident of the Bronx, New York,[1] brings this action against Shafqat Hussain Arshad, Abdul Malik, Vazir Taj, and Zafar Imran (collectively, "Defendants"), all of whom are alleged to reside in Pakistan. Complaint ("Compl."), Dkt. Entry No. 1, at 1. Plaintiff alleges that Defendants "broke the locks" of his house in Pakistan, took possession of the property, and are collecting rent on that property. *Id*. It appears that these claims are connected to a separate judicial proceeding in Pakistan. *Id*. at 3-4. Plaintiff claims that the property is worth $80,000 and he seeks $150,000 in damages. *Id*. at 1.

---

[1] On July 6, 2015, Plaintiff notified the Court of a change in his address from Brooklyn to a location in the Bronx. *See* Dkt. Entry Nos. 4 and 5.

## STANDARD OF REVIEW

"[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted). Accordingly, the Court is required to read Plaintiff's Complaint liberally, interpreting it "to raise the strongest arguments that [it] *suggest*[*s*]." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal citations and quotation marks omitted) (emphasis in original).

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard under Rule 8 does not require "detailed factual allegations," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007), "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotation marks omitted). In evaluating the sufficiency of a complaint, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint to be true." *Kiobel v. Royal Dutch Petrol. Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (internal citations omitted)).

However, under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

**DISCUSSION**

Although Plaintiff is proceeding *pro se* and the Complaint is held to a less stringent standard than pleadings drafted by lawyers, he still must establish that this Court has subject matter jurisdiction over his claims. *See, e.g.*, *Rene v. Citibank NA*, 32 F. Supp.2d 539, 541-42 (E.D.N.Y. 1999) (dismissing *pro se* complaint for lack of subject matter jurisdiction). "Federal courts are courts of limited jurisdiction whose power is limited strictly by Article III of the Constitution and congressional statute." *United Food & Commercial Workers Union, Local 919 AFL-CIO v. CenterMark Props. Merdien Square, Inc.*, 30 F.3d 298, 303 (2d Cir. 1994) (internal citation omitted). For that reason, parties "cannot waive subject matter jurisdiction by express consent, conduct, or estoppel because they fail to challenge jurisdiction early in the proceedings." *Id.* (internal citations and quotation marks omitted). If the parties fail to raise this issue, the Court may do so *sua sponte*. Fed. R. Civ. P. 12(h)(3); *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62-63 (2d Cir. 2009) (internal citation omitted). This is so because the Court has "an independent obligation to ensure that [it] do[es] not exceed the scope of [its] jurisdiction, and therefore [it] must raise and decide jurisdictional questions that the parties either overlook or elect nor to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011) (internal citations omitted). When the Court lacks subject matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

Here, Plaintiff brings this action pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332. A plaintiff invokes § 1332 jurisdiction properly when he or she presents a claim between parties of completely diverse citizenship that exceeds the required jurisdictional amount of $75,000. *See* 28 U.S.C. § 1332(a). First, it is unclear whether Plaintiff is a citizen of New York; he claims to be a resident of Brooklyn and a village in Pakistan. *Compare* Compl. at 1, *with Id.* at

3. As Plaintiff alleges that Defendants are residents of Pakistan, complete diversity may not exist in this case. *See Id*. at 1. Still, even assuming, *arguendo*, that complete diversity between the parties exists, Plaintiff has not satisfied the amount-in-controversy requirement. "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonably probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (internal citations omitted). Plaintiff states that his property in Pakistan is worth $80,000 and he is seeking $150,000 in damages. Compl. at 1. Yet, he does not establish that these alleged amounts are nonspeculative. *See Chase Manhattan Bank, N.A. v. Am. Nat'l Bank & Tr. Co. of Chi.*, 93 F.3d 1064, 1070 (2d Cir. 1996). In addition to these shortcomings, Plaintiff's underlying claim fails because the Court does not have jurisdiction over any claim concerning the property he allegedly owns in Pakistan. *See Thackurdeen v. Duke Univ*., 130 F. Supp. 3d 792, 798-801 (S.D.N.Y. 2015) (discussing prerequisites for personal jurisdiction under New York State law in a diversity action).

Ordinarily, "the [C]ourt should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gardner v. McArdle*, 461 F. App'x 64, 66 (2d Cir. 2012) (quoting *Barnum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991)). However, the Court need not do so here, as it is clear from the Complaint that this Court would not have jurisdiction over a property or rent dispute in Pakistan. Consequently, any attempt to amend the Complaint would be futile. *See Ashmore v. Prus*, 510 F. App'x 47, 49 (2d Cir. 2013); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Cunningham v. Bank of N.Y. Mellon N.A.*, No. 14-CV-7040 (JS) (ARL), 2015 WL 4104839, at *4 (E.D.N.Y. Jul. 8, 2015).

## CONCLUSION

For the reasons set forth above, the Complaint is dismissed with prejudice for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(2). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
      September 30, 2018

/s/
DORA L. IRIZARRY
Chief Judge